UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| MICHAEL JEFFREY MOCK, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:23-CV-50-HAB-SLC |
| BENJAMIN GRINER, et al., | |
| Defendants. | |

OPINION AND ORDER

Michael Jeffrey Mock, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mock alleges that, on January 3, 2023, Bluffton Police Officer Benjamin Griner stopped him as he was walking and said he was staggering and yelling. Mock was placed under arrest and taken to a local emergency room. Officer Griner pulled Mock out of the car and said, "come on." Mock explained that he has a fake hip and can't walk fast. Officer Griner and Bradley Carlson, who was also present, drug Mock to a hospital room. Mock refused treatment. The officers carried Mock back to the patrol car.

Officer Griner then took Mock to the Wells County Jail. Once there, an unknown person placed a bag over Mock's head and tightened it around his neck. Officer Griner and Officer Carlson carried Mock down a hallway. Mock alleges that Officer Griner asked jailers Rachel Hartman and Chandler McCutcheon if the camera was on. Officer Griner said "good," and then Officer Griner and Officer Carlson slammed Mock on his chest and stomach, knocking him unconscious. The two officers then carried Mock to a holding cell, where Officer Griner slammed him onto a bare steel bunk bed, causing him to black out again. Jailer Hartman then pushed Mock's body into the steel bunk with both hands, while stating that she was trying to take off Mock's handcuffs. Jailer McCutchon held Mock down by his head and neck, again causing him to lose consciousness. Mock was later charged with battery of a public official, resisting arrest, public intoxication, disorderly conduct.

Excessive-force claims that occur during the course of an arrest or apprehension of a suspect "are governed by the Fourth Amendment's 'reasonableness' standard, which turns on the totality of the circumstances confronting [the officers] viewed from the perspective 'of a reasonable officer on the scene . . . .'" *Dockery v. Blackburn*, 911 F.3d 458, 464 (7th Cir. 2018) (quoting *Graham v. Connor*, 490 U.S. 396 (1989)). "Whether a particular use of force was objectively reasonable 'is a legal determination rather than a pure question of fact for the jury to decide.'" *Id.* (quoting *Phillips v. Cmty. Ins. Corp.*, 678 F.3d 513, 520 (7th Cir. 2012)). In analyzing these claims, the court must "consider the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or

others, and whether he was actively resisting arrest or attempting to evade arrest by flight." *Bayon v. Berkebile*, 29 F.4th 850, 854 (7th Cir. 2022) (internal quotation marks and citations omitted). Even the use of deadly force may be reasonable if an officer has probable cause to believe the suspect is armed and poses a threat of physical harm or is about to escape. *See Siler v. City of Kenosha*, 957 F.3d 751, 759 (7th Cir. 2020). The perspective as viewed from a reasonable officer on the scene is critical. *Id*.

> [A] court must consider the amount and quality of the information known to the officer at the time. In seeking to understand the perspective of the officer on the scene, we must consider: the information known to the officer at the time of the encounter; the duration of the encounter; the level of duress involved; and the need to make split-second decisions under intense, dangerous, uncertain, and rapidly changing circumstances. Law enforcement officers on the scene do not have the luxury of knowing the facts as they are known to us, with all the benefit of hindsight, discovery, and careful analysis. Officers must act reasonably based on the information they have. We must always keep in mind that encounters in the field require officers to make split-second decisions of enormous consequence. If a reasonable officer in [the defendant's] shoes would have believed that [the plaintiff] posed an imminent threat of serious physical harm, or that he had committed a crime involving serious physical harm and was about to escape, the Officer's use of force was reasonable.

*Id*. (brackets, internal quotation marks, and citations omitted). Giving Mock the benefit of the inferences he is entitled to at this stage of the case, he has stated a Fourth Amendment claim against Benjamin Griner, Bradley Carlson, Chandler McCutcheon, and Rachel Hartman.

For these reasons, the court:

(1) GRANTS Michael Jeffrey Mock leave to proceed against Benjamin Griner, Bradley Carlson, Chandler McCutcheon, and Rachel Hartman in their individual

capacities for compensatory and punitive damages for using excessive force on January 3, 2023, in violation of the Fourth Amendment;

(2) DISMISSES all other claims;

(3) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Chandler McCutcheon and Rachel Hartman at the Wells County Sheriff's Department, with a copy of this order and the complaint (ECF 1);[1]

(4) ORDERS Wells County Sheriff's Department to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(5) ORDERS, under 42 U.S.C. § 1997e(g)(2), Benjamin Griner, Bradley Carlson, Chandler McCutcheon, and Rachel Hartman to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on April 27, 2023.

s/Holly A. Brady
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT

---

[1] It is not necessary to serve Benjamin Griner or Bradley Carlson because they have already appeared in this action. *See* ECF 10.